UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBBIE K. THOMPSON and RANDY
E. THOMPSON,

    Plaintiffs,

v.                              Case No: 2:16-cv-435-FtM-29CM

COLUMBIA SUSSEX CORPORATION,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Remand (Doc. #10) filed on July 1, 2016 and Defendant's Response in Opposition (Doc. #11) filed on July 6, 2016. For the reasons set forth below, Plaintiffs' Motion is denied.

**I.**

On March 7, 2016, Debbie K. Thompson (Mrs. Thompson) and Randy E. Thompson (Mr. Thompson) (Plaintiffs) filed a two-count complaint (Doc. #2) in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida seeking "damages in excess of $15,000" arising out of or related to injuries Mrs. Thompson sustained when she fell in Defendant's hotel lobby. Count I is a negligence claim asserted by Mrs. Thompson and Count II is a loss of consortium claim asserted by her husband, Mr. Thompson.

Defendant was served with the Complaint on March 23, 2016. On April 12, 2016, Defendant propounded limited discovery requests

(Doc. #1-1) to ascertain whether diversity jurisdiction existed for removal purposes,[1] including requests that Plaintiffs admit or deny they i) are Kentucky citizens[2] and ii) seek damages in excess of $75,000. In their May 4, 2016 responses (Doc. #1-2), Plaintiffs admit they are not Kentucky citizens but neither admit nor deny that the value of their claims exceeds $75,000.

Defendant removed the case to this Court on June 3, 2016. The Notice of Removal (Doc. #1) asserts that federal jurisdiction exists pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. On July 1, 2016, Plaintiffs filed the instant Motion seeking to remand the case to state court.[3] They raise three principal arguments: 1) removal was untimely; 2) Defendant waived the right to remove by engaging in pre-removal discovery in state court; and 3) the value of Plaintiffs' claims is less than $75,000. Naturally, Defendant opposes remand.

---

[1] A case is removable "only if the district court would have had jurisdiction over the case had the case been brought there originally." Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998). Because this negligence case involves no federal question, federal jurisdiction must rest, if at all, on diversity grounds. Id.

[2] Defendant has its principal place of business and is incorporated in Kentucky. (Doc. #1, ¶ 11.)

[3] Plaintiffs' Motion for Remand lacks the requisite conferral certification. See M.D. Fla. R. 3.01(g). The parties should ensure future filings abide by all Local Rules.

**II.**

**A.   Whether Defendant Timely Removed the Case**

28 U.S.C. § 1446 governs removal of civil actions. If the case stated by the initial complaint is removable on its face, the defendant must file a notice of removal within thirty days of being served. 28 U.S.C. § 1446(b)(1). If the complaint is not removable on its face, the notice must be filed within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

Plaintiffs argue that removal was untimely because it occurred more than thirty days after Defendant was served with the Complaint. The Complaint itself does not contain allegations regarding the parties' citizenship. Plaintiffs contend, however, that in light of the parties' long-standing business relationship and Defendant's receipt of Plaintiffs' pre-suit demand, "Defendant was in a unique position to know that Plaintiffs were domiciled in the state of Arizona, where they had been living continuously since 2008." (Doc. #10, p. 7.) Because Defendant is a Kentucky corporation with its principal place of business in Kentucky, Plaintiffs continue, Defendant was subjectively aware that complete diversity existed when it was served with the Complaint and thus had thirty days from service to remove to federal court or otherwise lose the right to do so.

That is not the law. What Defendant knew or should have known *prior* to receiving the Complaint is irrelevant in determining whether removal was timely; rather, "the grounds for removal must appear on the face of the initial pleading in order for the 30-day clock then to begin to run." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997); see also Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). Plaintiffs' Complaint is not removable on its face, since it contains no allegations of citizenship, nor alleges the specific amount of damages sought. Mikesell v. FIA Card Servs., N.A., 936 F. Supp. 2d 1327, 1330 (M.D. Fla. 2013); see also Benstock v. Arrowood Indem. Co., No. 8:11-CV-2493-T-23TGW, 2011 WL 6314236, at *2 (M.D. Fla. Dec. 16, 2011) ("Only generally alleging damages exceeding $15,000, the complaint is not removable on its face.").

Accordingly, Defendant was required to remove within thirty days of receiving a post-Complaint document indicating a basis for removal. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007) ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff — be it the initial complaint or a later received paper — and determines whether that document and the notice of removal

unambiguously establish federal jurisdiction." (emphasis added)). Defendant received Plaintiffs' discovery responses revealing the existence of complete diversity (and, as discussed below, that the amount in controversy was satisfied) on May 4, 2016.[4] Defendant's June 3, 2016 removal was, therefore, timely under Section 1446.

**B.  Whether Defendant Waived the Right to Remove by First Engaging in Discovery**

Plaintiffs also contend that remand is appropriate because Defendant actively participated in the state court proceeding by engaging in discovery and thus waived the right to remove. The lone case Plaintiffs cite in support of this proposition is Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co., which involved a plaintiff deemed to have "made affirmative use of the state court before removing to federal" - thereby waiving the right to remove - by filing a motion to dismiss in state court. 933 F. Supp. 1060, 1061 (M.D. Fla. 1996). Not only has the Eleventh Circuit

---

[4] It is immaterial that, *prior* to being served with the Complaint, Defendant may have "had dozens of papers and documents . . . demonstrating that Plaintiffs were domiciled in Arizona." (Doc. #10, p. 9.) "[P]re-suit documents do not constitute 'other papers' that trigger the thirty-day limitation on removal." Vill. Square Condo. Of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co., No. 609-CV-1711-ORL31DAB, 2009 WL 4855700, at *3 (M.D. Fla. Dec. 10, 2009); see also Paros Props. LLC v. Colo. Cas. Ins. Co., No. 15-1369, --- F. 3d ---, 2016 WL 4502286, at *5 (10th Cir. Aug. 29, 2016) ("[A] presuit communication is not an 'other paper.'"); Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992) ("[I]f an 'other paper' is to start the thirty-day time period, a defendant must receive the other paper' after receiving the initial pleading.").

since rejected the notion that "[t]he filing of a motion to dismiss in and of itself constitute[s] a waiver of the defendant's right to proceed in the federal forum," Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (per curiam) (quotation omitted), Kam Hon is inapplicable here. Defendant did not "make affirmative use of" or "actively participate in" state court merely by serving limited discovery requests aimed at determining whether a basis for removal existed. Bechtelheimer v. Cont'l Airlines, Inc., 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010) ("In this Circuit, pre-removal discovery is permitted to ascertain, among other things, amount in controversy information."). Accordingly, there was no waiver of Defendant's statutory right to remove. Id.; Cruz v. Lowe's Home Centers, Inc., No. 809-CV-1030-T-30MAP, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009); Del Rio v. Scottsdale Ins. Co., No. 6:05-CV-1429-ORL-19JGG, 2005 WL 3093434, at *3 (M.D. Fla. Nov. 18, 2005).

**C.   Whether the Amount-in-Controversy Requirement Is Met**

Finally, Plaintiffs seek remand on the basis that "Defendant has not shown by a preponderance of the evidence that the matter in controversy exceeds $75,000." (Doc. #10, p. 15.) Where, as here, the complaint does "not allege[] a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." S. Fla. Wellness, Inc. v.

Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014) (citation omitted).  Ultimately, the question is whether the notice of removal plausibly alleges that "the amount in controversy at the time of removal" exceeds $75,000.  Id.  So long as "the claims of a single plaintiff meet the jurisdictional threshold[,] the court may assert supplemental jurisdiction over additional plaintiffs' claims[.]"  Lowery, 483 F.3d at 1198 n.31 (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005)).  Accordingly, the question here is whether, at the time of removal, the potential value of Mrs. Thompson's negligence claim likely exceeded $75,000.

In asserting that the amount in controversy exceeded $75,000 at the time of removal, Defendant relies primarily on Plaintiffs' November 4, 2015 pre-suit demand (Doc. #1-4) seeking $337,500 to settle the case.  Plaintiffs dispute the legal significance of that demand, contending that the large sum requested was merely "part of a legal strategy to extract a settlement in lieu of litigation." (Doc. #10, p. 14.)  In moving for remand, Plaintiffs claim the value of their case is less than $75,000, with total out-of-pocket expenses totaling $7,770.85.  Both Mr. and Mrs. Thompson also submitted affidavits (Docs. ## 10-1, 10-2) agreeing to resolve the case for less than $75,000, inclusive of all damages, costs, and fees.

A pre-suit demand letter "supported by documented medical bills and specific medical diagnoses[] . . . may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." Hernandez v. Burlington Coat Factory of Fla., LLC, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (citing Scott v. Home Depot U.S.A., Inc., No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). Here, Plaintiffs' pre-suit demand not only references medical bills totaling $67,000, it also lists three medically-diagnosed conditions (arm fracture, facial contusions, and shoulder strain), resulting in 13% upper extremity impairment and 8% "whole person" impairment. Accordingly, the Court finds that Plaintiffs' pre-suit demand credibly supports the conclusion that the value of Mrs. Thompson's claim exceeded $75,000 at the time of removal. Id.; see also Moraguez v. Walgreen Co., No. 6:15-CV-1579-ORL-28TBS, 2015 WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015).

Moreover, when asked (five months later) whether she sought more than $75,000 in damages, Mrs. Thompson responded that it was "undetermined **at the present time** whether the amount in controversy" exceeds $75,000, since additional complications resulting from the repair of her fractured arm could occur, and claimed further that the issue of damages was one "to be determined by a jury." (Doc. #1-2, pp. 1, 3 (emphasis added).) This

equivocal answer, when combined with her medical bills[5] and medical diagnoses, establishes by a preponderance of the evidence that, at the time of removal, the amount-in-controversy requirement was satisfied.[6] Russell v. Target Corp., No. 2:14-CV-377-FTM-29CM, 2014 WL 3908171, at *1 (M.D. Fla. Aug. 11, 2014); Thompson v. Fresh Mkt., Inc., No. 2:14-CV-122-FTM-29, 2014 WL 1400631, at *3 (M.D.

---

[5] The amount of Mrs. Thompson's out-of-pocket medical expenses is irrelevant to determining the value of her claim, since, "[u]nder Florida law, a plaintiff is entitled to recover from a defendant the full amount that the plaintiff's medical providers have agreed to accept as payment for the treatment, **not just the amount for which the plaintiff is personally liable to those providers**." Daley v. Scott, No. 2:15-CV-269-FTM-29DNF, 2016 WL 3517697, at *5 (M.D. Fla. June 28, 2016) (emphasis added) (citing Goble v. Frohman, 901 So. 2d 833 (Fla. 2005); Coop. Leasing, Inc. v. Johnson, 872 So. 2d 956, 958 (Fla. 2d DCA 2004)).

[6] Plaintiffs' post-removal "willingness" to settle the case for less than the jurisdictional threshold, as expressed in their affidavits, is both too little and too late. Post-removal affidavits seeking to "clarify" whether diversity jurisdiction exists may be considered only if they shed light on the amount in controversy or the parties' citizenship *at the time of removal*. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (emphasis added). Plaintiffs' conciliatory affidavits do not. See Westervelt Co. Inc. v. Robertson, No. 7:15-CV-383-RDP, 2015 WL 5173586, at *4 (N.D. Ala. Sept. 2, 2015) (distinguishing "post-removal affidavit or document clarifying an ambiguity in the amount of damages sought by the complaint" and attempts to "defeat removal by subsequently changing a damage request").

Fla. Apr. 10, 2014). Consequently, the Court will retain jurisdiction over this civil action.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion for Remand (Doc. #10) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 21st day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record